HUESTON HENNIGAN LLP
John C. Hueston (SBN 164921)
Vicki Chou (SBN 248598)
Warren Crandall (SBN 340077)
Chloé P. Sweeney-Rowan (SBN 361159)
csweeneyrowan@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Email: jhueston@hueston.com
Email: vchou@hueston.com
Email: wcrandall@hueston.com

Charles J. McKee (SBN 152458)
Marina S. Pantchenko (SBN 293014)
CENTRAL COAST COMMUNITY
ENERGY
70 Garden Ct, Suite 300
Monterey, CA 93940-5342
Email: cmckee@3ce.org
Email: mpantchenko@3ce.org


*Attorneys for Plaintiffs*
*Silicon Valley Clean Energy and*
*Central Coast Community Energy*

KIRKLAND & ELLIS LLP
Mark McKane, P.C. (SBN 230552)
Christopher W. Keegan, P.C. (SBN 232045)
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: mark.mckane@kirkland.com
Email: chris.keegan@kirkland.com

*Attorneys for Defendants*
*Origis USA LLC and*
*San Luis West Solar, LLC*

United States District Court
Northern District of California

[PROPOSED] STIPULATED PROTECTIVE ORDER

CASE NO. 4:25-CV-09319-HSG

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SILICON VALLEY CLEAN ENERGY AND CENTRAL COAST COMMUNITY ENERGY, | CASE NO. 4:25-CV-09319-HSG |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| ORIGIS USA LLC; SAN LUIS WEST SOLAR LLC; and DOES 1 through 10, inclusive, | |
| Defendants. | |

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties (as defined in section 2.12) hereby stipulate to and petition the court to enter the following Stipulated Protective Order (the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

**2.1    Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

**2.2    Confidential Material:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)

STIPULATED PROTECTIVE ORDER                    2                    CASE NO. 4:25-CV-09319-HSG

or other state or federal law, or constitute or include information that the Designating Party reasonably and in good faith believes is trade secret, proprietary, or commercially sensitive in nature or is information that the Designating Party is under a preexisting obligation to a Non-Party to treat as confidential. Confidential Material includes but is not limited to any Discovery Material that constitutes or contains information that is nonpublic proprietary or commercially sensitive or is confidential or unpublished technical, business, financial, research, development, commercial, personal, or private information. The Designating Party shall designate Confidential Material in accordance with Section 5 of this Order.

**2.3**    **Counsel (without qualifier):** Outside Counsel of Record and In-House Counsel (as well as their support staff).

**2.4**    **Designated In-House Counsel:** In-House Counsel who can access Highly Confidential Material. Each Party may identify no more than two (2) Designated In-House Counsel. Each Party must disclose the names and titles of each Designated In-House Counsel to every other Party at least two (2) business days prior to the effective date of designation. Designation of a Party's Designated In-House Counsel to any Producing Party that is not a Party must be made at least two (2) business days prior to disclosure of any Highly Confidential Material.

**2.5**    **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Confidential Material or Highly Confidential Material.

**2.6**    **Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7**    **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or a current employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

United States District Court
Northern District of California

**2.8    Highly Confidential Material**: information (regardless of how it is generated, stored, or maintained) or tangible things that the Designating Party believes in good faith to be the most sensitive, including but not limited to trade secret or other confidential research, development, design, financial, strategic, or other commercially sensitive information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Designating Party. The Designating Party shall designate Highly Confidential Material in accordance with Section 5 of this Order.

**2.9    In-House Counsel:** attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.10    Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.11    Outside Counsel of Record:** attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

**2.12    Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.13    Producing Party:** a Party or Non-Party that produces Discovery Material in this action.

**2.14    Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.15    Protected Material:** any Confidential Material or Highly Confidential Material.

**2.16    Receiving Party**: a Party that receives Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections

United States District Court
Northern District of California

conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The above-captioned Court shall retain jurisdiction, even after final disposition in this action, to enforce this Order.

**5.      DESIGNATING PROTECTED MATERIAL**

**5.1      <u>Restraint and Care in Designating Protected Material</u>**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation as much as practicable to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber

or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**5.2**     **Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., Section 5.2(b) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly designated Protected Material before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Confidential Material or Highly Confidential Material, as applicable. To the extent practicable, if only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). In the event electronically stored information designated as Protected Material is produced in native format, it shall, at a minimum, indicate such designation in the produced metadata. Whenever the Party to whom such information is produced reduces such material to hard copy or image document form, the Party shall designate the hard copy or image documents with the legend as provided in this Section 5.2(a).

(b) A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material. To the extent practicable, if only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c) For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. In addition, a Party or Non-Party may designate in writing, within 30 days after receipt of the final deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Protected Material. Any other Party may object to such proposal, in writing or on the record. Upon such objection, the Parties shall follow the procedures described in Section 6 below. After any designation made according to the procedure set forth in this Section 5.2, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Section 6 below, and Counsel for all Parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. All deposition transcripts shall be maintained as Protected Material for 30 days after receipt, in order to allow the Parties or Non-Parties sufficient time to designate any portions thereof as Protected Material and to provide notification of the same.

(d) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3** **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely identification of incorrectly designated material to the Receiving Party, pending the provision of correctly designated replacement

copies, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order as if it were correctly designated and to arrange for the destruction of the incorrectly designated material or for return to the Producing Party of all copies of the incorrectly designated material.  If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken reasonable steps to return or destroy such incorrectly designated material.

**5.4     Redaction.** The Producing Party may redact the following Confidential Information, Highly Confidential Information, or information subject to the attorney client privilege, work product doctrine, or other legal protection from documents that it produces:

(a) Non-responsive personal information of current and former employees, including street addresses, social security numbers, tax identification numbers, dates of birth, home telephone numbers, and cellular telephone numbers; and

(b) Materials that contain information protected from disclosure by the attorney-client privilege, work product doctrine, or other legal protection.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1     Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2     Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must

explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3** **Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration within 21 days (or 14 days, if applicable), shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

**6.4    Challenges to Redaction.** Furthermore, redaction of material pursuant to Section 5.4 is subject to the following:

(a) The Party that has redacted information shall, upon written or oral request, identify the nature of the information redacted in a specific document with sufficient detail to allow the requesting Party to determine whether a challenge to the redacted information may be appropriate.

(b) If the requesting Party has a good faith basis for challenging the redaction, that Party shall promptly inform Outside Counsel for the redacting Party in writing of said challenge.

(c) If, after conferring, the Parties cannot resolve the dispute despite good faith efforts to do so, the Party challenging the redaction may move for a ruling on the issue of whether certain information is entitled to redaction. If the Court finds that said information should not remain redacted, the redacting Party shall provide an unredacted version of the document within 10 days of the Court's decision or, if the redacting Party challenges such a decision, within 10 days of the conclusion of any and all proceedings or interlocutory appeals challenging the decision, or within any time specified by the Court.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1    Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material shall not be used for any commercial use, competitive use, personal use, or any other purpose. Any persons receiving Protected Material shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. All Protected Material shall be carefully maintained to preclude access by persons who are not entitled to receive such Protected Material. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

**7.2    Security of Protected Material.** Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

authorized under this Order. Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable sensitivity and, at a minimum must take reasonable precautions to protect Protected Material from loss or misuse.

Protected Material, including excerpts from Protected Material, may not be inputted into any public internet search engine or into any public, non-compartmentalized generative artificial intelligence system (e.g. ChatGPT, Google Bard, etc.).  Use of secure, compartmentalized, generative artificial intelligence systems that implement appropriate confidentiality safeguards and prevent disclosure to third parties is permitted.

If a Receiving Party discovers a breach of security relating to the Protected Material of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

**7.3** <u>**Disclosure of Confidential Discovery Material.**</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Confidential Material only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7.4     Disclosure of Highly Confidential Discovery Material.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, Highly Confidential Discovery Material shall be treated in the same manner as Confidential Material pursuant to Section 7.3, except that Highly Confidential Material shall not be disclosed to any of the officers, directors, or employees of any of the Receiving Parties other than Designated In-House Counsel.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order;

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected; and

(d) not produce or disclose the Protected Material pursuant to the subpoena or order before 7 days following the date on which notice is given to the Designating Party.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as Protected Material. Protected Material produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

United States District Court
Northern District of California

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.     PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

**11.1**     When a Producing Party gives notice to Receiving Parties that certain material produced by the Producing Party is subject to a claim of privilege or other protection that allows the Producing Party to withhold the material from production, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**11.2**     This provision is, and shall be construed as, an order under Federal Rule of Evidence 502(d). Accordingly, as explicitly set forth in Rule 502(d), a Producing Party's production of materials subject to a claim of privilege or other protection that allows the Producing Party to withhold the material from production ("Privileged Information"), whether such production was inadvertent or otherwise, is not a waiver of any privilege or protection "in any other federal or state proceeding." With respect to such Privileged Information, the following procedures shall apply, and the Parties agree that

United States District Court
Northern District of California

such procedures constitute reasonable and prompt steps to prevent disclosure and to rectify the error of disclosure, pursuant to the Federal Rules of Civil Procedure:

(a) The Party discovering the production of Privileged Information (whether it is the Producing Party or Receiving Party) will promptly contact the opposing Party to apprise that Party of such production. Upon receipt of notice of produced documents containing Privileged Information, the Receiving Party shall immediately return, sequester, or destroy all such Privileged Information (including all copies), and refrain from reviewing or using such information, including but not limited to in depositions, hearings, or trial, nor shall such Privileged Information be disclosed to anyone who did not previously have access to it.

(b) If no dispute exists as to the protected nature of the Privileged Information, any Party in possession of the documents at issue shall return the materials to the Producing Party and shall permanently delete any notes or other work product reflecting the contents of such materials. Alternatively, upon request of the Producing Party, the Receiving Party shall destroy all such Privileged Information and any notes or other work product reflecting the contents of such materials and provide an affidavit to the Producing Party confirming destruction within 14 days. In either event, all such materials shall be deleted from any litigation-support or other database, and all copies of the Privileged Information provided by the Receiving Party to other persons or entities shall be returned or destroyed. If destroyed, the Party that received the materials shall provide an affidavit to the Party that produced the materials confirming destruction within 14 days. In the event that only portions of the produced documents contain Privileged Information, the Producing Party shall substitute redacted versions of the documents within 7 days of the certification of destruction of the produced documents.

(c) If the Receiving Party believes that the documents do not qualify as Privileged Information, the Parties shall confer and either Party may, thereafter, request that the court conduct an in camera inspection of the produced documents. The Privileged Information shall remain sequestered in the Receiving Party's possession while the Parties await a ruling from the court. If the court determines that the produced documents are entitled to work product immunity, attorney-client privilege or other legal privilege protecting information from discovery, the Receiving Party in

possession shall, within 7 days of the Court's decision, comply with the provisions of Section 11.2(b), above.

(d) Pursuant to Federal Rule of Evidence 502(d) and (e), the production of any Discovery Material by any Party shall be without prejudice to any subsequent claim by the Producing Party that such Discovery Material is privileged or attorney work product and shall not be deemed a waiver of any such privilege or protection in either the litigation pending before the court or any other federal or state proceeding.

**12.    MISCELLANEOUS**

**12.1    Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**12.2    Right to Assert Other Objections**. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**12.3    Filing Protected Material**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

**12.4    Violation.** If any Party or Non-Party violates the terms of this Protective Order, the Party or Non-Party violating this Order may be subject to sanctions as ordered by the Court, in addition to any other remedy that may be appropriate, including injunctive relief. In the event motion practice

United States District Court
Northern District of California

is required to enforce the terms of this Order, the prevailing Party on such a motion may be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any of the proceedings resulting from the violation.

## 13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

[*Remainder of Page Intentionally Left Blank*]

United States District Court
Northern District of California

DATED: March 16, 2026

Respectfully submitted,
HUESTON HENNIGAN LLP

By: */s/Vicki Chou*_____
John C. Hueston
Vicki Chou
Warren Crandall
Chloé P. Sweeney-Rowan
*Attorneys for Plaintiffs Central Coast Community Energy and Silicon Valley Clean Energy*

DATED: March 16, 2026

Respectfully submitted,
KIRKLAND & ELLIS LLP

By: */s/Mark McKane*_____
Mark McKane, P.C.
Christopher W. Keegan, P.C.
*Attorneys for Defendants Origis USA LLC and San Luis West Solar, LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 3/25/2026

_____
Hon.  Haywood S. Gilliam, Jr

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of Silicon Valley Clean Energy and Central Coast Community Energy, vs. Origis USA LLC; San Luis West Solar LLC's., Case No. 4:25-CV-09319-HSG (N.D. Cal.) (the "Action"). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of the Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

Signature: _____